UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN HENRY FREDERICK,**

    **Plaintiff,**

v.                                                                               Case No: 6:18-cv-694-Orl-31GJK

**PAMELA JO BONDI, JEFFREY
ASHTON, JUAN MONTES and
PATRICIA A. CASHMAN,**

    **Defendants.**
_____/

**ORDER**

Plaintiff John Henry Frederick, a prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 6.) Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (b) Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Thus, the Court is obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public*

*Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that Attorney General Pamela Jo Bondi, prosecutor Jeffrey Ashton, and defense attorneys Juan Montes and Patricia Cashman violated his Fourteenth Amendment right to due process, his right against double jeopardy, and his Fourth Amendment right against illegal searches. (Doc. 6 at 3-4.) According to Plaintiff, he was arrested on September 10, 2013, for lewd and lascivious molestation and there was no legal search warrant. (*Id.* at 3.) Plaintiff maintains that the fifteen-year old victim lied about the incident and Defendants failed to conduct a proper investigation and failed to call a key witness to testify at trial. (*Id.* at 4-5.) Plaintiff, who was convicted of lewd and lascivious molestation, requests a new trial and $14.5 million. (*Id.*)

Plaintiff fails to state a claim on which relief may be granted for several reasons. First, in order to pursue a claim under 42 U.S.C. § 1983, the defendant must have acted under color of state law. *See Lugar v. Edmonton*, 457 U.S. 922 (1982). A private entity does not qualify as a state actor and does not act under color of state law within the meaning of section 1983. "An attorney, whether appointed by the state or privately retained, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Amaro v. Vedder*, 317 F. App'x 193, 194 (3rd Cir. 2009) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008).

Because Plaintiff has not presented facts establishing that defense attorneys Juan Montes and Patricia Cashman were state actors, no section 1983 claim may proceed against them.

In addition, prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones*, 174 F.3d at 1281 (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate). Thus, to the extent Plaintiff is suing Attorney General Pamela Jo Bondi and prosecutor Jeffrey Ashton for actions taken in relation to their duty as prosecutors, they are cloaked with immunity for their alleged improper activities which are associated with Plaintiff's criminal proceeding.

Moreover, Florida's four-year statute of limitations applies to a claim of deprivation of rights pursuant to 42 U.S.C. § 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The limitations period for a claim of false imprisonment begins to run on the date "legal process [is] initiated" against the individual. *Wallace v. Kato,* 549 U.S. 384, 390 (2007). Likewise, a claim for an illegal search accrues on the date the search was conducted. *See Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 761 (11th Cir. 2006). Per Plaintiff's allegations, his arrest and the illegal search occurred on September 10, 2013, more than four years before the initiation of this case. Therefore, any claims for violation of the Fourth Amendment and for false imprisonment are barred by the statute of limitations.

Finally, the Supreme Court of the United States has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted). A judgment in favor of Plaintiff in this action would necessarily imply the invalidity of his conviction. Plaintiff seeks damages directly attributable to his convictions. Plaintiff has not demonstrated that his conviction or sentence has been invalidated; consequently, his claims are not cognizable under section 1983.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of the Court is directed to enter judgment, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

John Henry Frederick
OrlP-1